Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
William D. Nobriga, Esq.
Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND, <br><br> Plaintiffs <br><br> vs. <br><br> CY EXPO, LLC, <br><br> Defendant | Case No.: 2:23-cv-01624-CDS-BNW <br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> [ECF No. 7] |

Plaintiffs Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and Board of Trustees of the Teamsters Convention Industry Training Fund's (collectively referred to as the "Trust Funds") request entry of default judgment against defendant CY Expo, LLC ("CY Expo"). Despite having been properly served, CY Expo has not appeared or participated in this litigation. The Trust Funds have already obtained entry of default from the Clerk of Court. I find that the *Eitel* factors weigh in favor of default judgment, thus I grant plaintiffs' motion and enter default judgment against CY Expo.

## I. Findings of fact.

1. Plaintiffs are the Trust Funds and are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500.

2. CY Expo acted as an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between CY Expo and the International Brotherhood of Teamsters Local 631 ("Union").

3. The CBA requires CY Expo to make employee benefit contributions to the Trust Funds on behalf of its Covered Employees.

4. The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5. The Trust Funds are established by Trust Agreements ("Trust Agreements").

6. The CBA, the Trust Agreements, and 29 U.S.C. § 1145 require each employer, including CY Expo, to make timely contributions to the Trust Funds on behalf of each employee who performs work covered by the CBA.

7. The Trust Agreement and 29 U.S.C. § 1132(g) provide for assessment of audit fees, court costs, expenses, interest, attorneys' fees, and liquidated damages against an employer in the event the employer defaults in making payments to the Trust Funds and legal proceedings are required to recover such payments.

8. CY Expo has failed to meet its obligations to remit employee benefit contributions to the Trust Funds as set forth in the CBA and Trust Agreements, and as required by 29 U.S.C. § 1145.

9. While CY Expo made two payments totaling $40,937, it failed to make contributions owed for the entire delinquency period.

10. As a result of its delinquency, CY Expo is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, and attorneys' fees.

## II. Conclusions of Law.

1. "The general rule of law is that upon default the factual allegations of the complaint,

except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2. Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3. As to the first factor, the Trust Funds will suffer prejudice if default judgment is not entered because they "will likely be without other recourse for recovery if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (citing *Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1318 F. (D. Nev. July 8, 2013)) (internal quotation marks omitted). CY Expo has failed to meet its obligations to remit employee benefit contributions and has failed to properly participate in this action. CY Expo has failed to answer or otherwise defend against the Trust Funds' complaint. Therefore, because the Trust Funds will have no recourse against CY Expo unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

4. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471–72. Plaintiffs' complaint states a plausible claim that CY Expo failed to meet its obligations to remit employee benefit contributions to the Trust Funds, as required under the CBAs and Trust Agreements. As a result, CY Expo is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, audit fees and attorneys' fees. 29 U.S.C. § 1132(g)(2). Thus, the court finds that the claims are meritorious and that the complaint sufficiently states a claim against CY Expo. The second and third *Eitel* factors therefore favor the entry of default judgment.

5.  The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, on the Trust Funds' governing documents and calculations performed. Moreover, the damages in this case are also dictated by statute. ERISA states that, in cases like this one, courts shall award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and the costs of the action, and other legal or equitable relief that the court determines appropriate. 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

6.  Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because CY Expo has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). CY Expo has not appeared to rebut any of the allegations. Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

7.  The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. CY Expo's failure to answer was not based on excusable neglect. The complaint was filed on October 9, 2023. ECF No. 1. A summons was issued to CY Expo the day after, on October 10, 2023 (ECF No. 3), and the registered agent accepted service of the summons and complaint on October 17, 2023 (ECF No. 4). No evidence suggests that CY Expo's failure to respond was due to to excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

8.  The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1202 (C.D. Cal. 2018) (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). "Thus, the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (*citing Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)) (internal quotation marks omitted). Despite the strong policy favoring decisions on the merits, I find that the *Eitel* factors ultimately weigh in favor of default judgment here.

9. The damages set forth by the Trust Funds' and their corresponding calculations are supported by the Trust Agreements, the Trust Funds' Collection Policy, and 29 U.S.C. 1132(g)(2).

IT IS THEREFORE ORDERED that plaintiffs' motion for default judgment **[ECF No. 7] is GRANTED**. With good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the Clerk of Court ENTER FINAL JUDGMENT against defendant CY Expo, LLC in the amount of $105,147 (delinquent employee benefit contributions ($87,460), liquidated damages ($21,777), interest ($21,777), and attorneys' fees and costs ($15,070) *minus* the $40,937 that CY Expo has already paid) in favor of each plaintiff and to close this case.

Dated: June 3, 2024

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
*Attorneys for Plaintiffs*

5